# Court of Appeals
# of the State of Georgia

ATLANTA, July 01, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0432. SYLVIA GOSS v. GA RESERVE APARTMENTS, LLC.

On April 28, 2025, the magistrate court entered a consent order in a dispossessory matter. On June 6, 2025, defendant Sylvia Goss filed this application for discretionary appeal from the magistrate court's order. We, however, lack jurisdiction.

"[T]he only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (citation and punctuation omitted). Under the Georgia Constitution, "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). To the extent an application for discretionary appeal represents an attempt to appeal a magistrate court's order, this Court normally transfers such applications to state or superior court.[1]

Under OCGA § 44-7-56 (b) (1), however, a notice of appeal in a dispossessory case "shall be filed with the clerk of the trial court within seven days after the date the judgment was entered in the trial court[.]" Because Goss filed this application for discretionary appeal 39 days after the trial court's order, she has failed to comply with a jurisdictional prerequisite to appeal a dispossessory ruling. See *Stubbs v. Local Homes, LLC*, ___ Ga. App. ___, ___ (915 SE2d 91) (Case No. A25A0036, Apr. 22,

---

[1] Under OCGA § 5-3-4 (a), state and superior courts have appellate jurisdiction over final judgments of lower judicatories.

2025).

Moreover, Goss entered into a consent order in the magistrate court. Because the order was entered into with her consent, she cannot complain of the order now on appeal. See *Hurt v. Norwest Mtg., Inc.*, 260 Ga. App. 651, 657 (1) (c) (580 SE2d 580) (2003) ("In this appeal, [Goss] cannot be aggrieved by the trial court's judgment since it was entered with her consent.").

Because no court has jurisdiction to consider this appeal, we decline to transfer this case to state or superior court. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/01/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.